## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ALTERIK HARRIS,** | **Civil Action No. 23-1013 (KMW)** |
| **Petitioner,** | |
| **v.** | **MEMORANDUM OPINION** |
| **NEW JERSEY STATE PAROLE BOARD,** | |
| **Respondent.** | |

This matter comes before the Court on Petitioner Alterik Harris's amended habeas petition (ECF No. 5) which seeks to challenge a parole violation and resulting period of incarceration. As Petitioner has now filed his habeas petition on the required form and paid the filing fee, this Court is required to screen his petition pursuant to Rule 4 of the Rules Governing Section 2254 cases and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Under this Rule, this Court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

As this Court explained to Petitioner in the Court's previous order,

> it does not appear that Petitioner has fully appealed his [parole violation] through the state [courts]. A habeas petition "cannot proceed unless all meritorious claims have been exhausted in state court." *Mallory v. Bickell*, 563 F. App'x 212, 215 (3d Cir. 2014). To satisfy the exhaustion requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "The burden is on the habeas petitioner to prove exhaustion." *DeFoy v. McCullough*, 393 F.3d 439, 442 (3d Cir. 2005). The exhaustion doctrine mandates that the claim "must have been 'fairly presented' to the state courts." *Bronshtein v. Horn*, 404 F.3d 700, 725 (3d Cir. 2005) (quoting *Picard v. Connor*, 404 U.S. 270, 275

(1971)).  As it does not appear that Petitioner has fully exhausted his claims, his petition is subject to dismissal for failure to exhaust his claims prior to filing his petition.

(ECF No. 3 at 2.)  This Court thus directed Petitioner to address the exhaustion issue in filing his amended petition, or face the dismissal of that petition without prejudice as unexhausted.

In reviewing Petitioner's amended petition, it is clear that he has not yet completed his state court appeals because his appeal of his parole violation and resulting period of incarceration is still pending before the Appellate Division.  (*See* ECF No. 5 at 8.)  As such, his habeas petition cannot proceed and must be dismissed without prejudice until such time as he completes the exhaustion of his claims through the state appellate courts.  *Mallory*, 563 F. App'x at 215.  Therefore, Petitioner's amended petition is dismissed without prejudice as unexhausted.

Pursuant to 28 U.S.C. § 2253(c), a petitioner may not appeal from a final order in a habeas proceeding where that petitioner's detention arises out of a state judgment unless he has "made a substantial showing of the denial of a constitutional right."  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented here are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [Certificate of Appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Because jurists of reason could not disagree with this Court's conclusion that Petitioner's petition is unexhausted and must be dismissed without prejudice, Petitioner's habeas

petition is inadequate and will not proceed further at this time. To this end, Petitioner is denied a certificate of appealability.

In conclusion, Petitioner's habeas petition (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** as unexhausted, and Petitioner is **DENIED** a certificate of appealability.   An appropriate order follows.

Hon. Karen M. Williams,
United States District Judge